## Case No. 3,865.

DEXTER et al. v. The RICHMOND.

[4 Law Rep. 20; 4 Hunt, Mer. Mag. 455.]

District Court, D. Massachusetts. March 2, 1841.

SALVAGE—SERVICES BY PILOTS — EXTRA COMPENSATION.

Libel for salvage by pilots: *Held*, that the services rendered in this case constituted no claim for salvage; but the libellants were permitted to amend their libel and file a supplemental bill for extra compensation as pilots, which, on a hearing, was allowed to them.

[Cited in Flanders v. Tripp, Case No. 4,854; The Cachemire, 38 Fed. 523.]

This was a case in which the libellants, pilots of Martha's Vineyard, claimed salvage of the owners of the bark Richmond, belonging to Providence, R. I., for services rendered in getting the bark into Holme's Hole, on the 27th of November last, she being forty-two days from New Orleans, bound for Boston. It was in evidence that the value of the bark, with her cargo, consisting of cotton and lead, was more than $50,000. On the 19th of November, in a violent gale, as appeared by her log, her rudder was lost, and a temporary steering apparatus was arranged to supply its place. The evidence of the libellants tended to show, that the vessel being, as they maintained, then without a rudder and otherwise crippled, and short of provisions, was spoken and boarded by the libellants off Block Island, with two signals of distress flying; that on the morning of the 27th of November, they put a pilot aboard and stood by her, at the request of the master, all day, and towed her some hours; and that, without the assistance rendered by them and their boat, the bark could not have reached a harbor that evening. The claimants maintained that the whole statement of the pilots was greatly exaggerated, and offered evidence tending to show, that the bark was in no danger on that day from wind and sea; that she was not out of provisions, and could have made Holme's Hole on that day without other assistance than that of a pilot; and they contended that the libellants had not gone beyond the ordinary line of their duty as pilots, and could not at law recover a salvage compensation.

After the first hearing of the case, and after consideration and consulting the authorities cited on both sides; DAVIS, District Judge, intimated his opinion, that the libellants in the case, as pilots, could not recover a salvage compensation. The libellants then moved for leave to amend their libel and file a supplemental bill for extra compensation as pilots, to which the claimants objected. At a subsequent day, amendment was allowed, and a further hearing had, and evidence introduced to show the fair value of such services, and how they are usually compensated. The claimants proved the payment of $128—being $40 for pilotage into Holme's Hole; $28 for keeper's fees 14 days there, and $60 for pilotage thence to Boston. A large portion of which, they contended, was for extra pilotage services, and also a tender of $150 in addition, and thought this was all they should be called upon to pay. The libellants contended, that a liberal allowance should be made for services attended with danger, and brought some evidence tending to show, that $500 or $600 would be a fair compensation.

Mr. Dexter and G. W. Phillips, for libellants.

Mr. Pope and C. H. Parker, for claimants.

DAVIS, District Judge (in delivering his opinion), said there were three kinds of cases of this nature—one purely salvage, where property had been saved from imminent peril; one purely pilotage; one between the two, where extra services beyond pilotage

had been rendered, and had become entitled to extra compensation. The present case was one of the latter class. The bark was here in no imminent peril. Her crew was full. There was no distress other than the loss of her rudder, which she had been without for ten days previous to the assistance rendered. The only pretence of danger was the possibility of a change of wind, which might prevent her weathering Gay head. It was undoubtedly expedient to keep the pilot boat in attendance under the circumstances; but the services thus rendered constituted no claim for salvage, but were to be compensated for as extra pilotage. The libellants did no more than, as pilots, they should have done. It appeared that, in addition to one hundred and twenty-eight dollars pilotage paid by the respondents, which the learned judge considered a very liberal payment upon their part, a tender of $150 had been made. Allowing that each of the libellants had met with the best possible success on the 27th of November, the extent of their earnings would not have exceeded $40. The tender of $150 would give to each of them about $90 apiece, which exceeded, in amount, the monthly pay of the whole ship's crew. The sum was ample and more than the libellants should expect to receive under the circumstances. Their mistake had been from the outset in expecting a salvage compensation, which had led them to exaggerate and inflame the amount of their claim. It was well in all cases to allow a liberal compensation, and though in his opinion, the amount here paid and tendered, had been very liberal, yet considering the expense here incurred, and the policy of encouraging the rendering of similar services by persons in the situation of the libellants hereafter, he should give them the amount tendered, of $150, and one-half of their costs.